UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CRISTE M. BRANSTITER,**

    **Plaintiff,**

v.     Case No: 5:17-cv-7-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits. The Administrative Law Judge ("ALJ") determined that Plaintiff had the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (Tr. 52). Upon a review of the record, the memoranda, and the applicable law, I submit the Commissioner's decision is due to be affirmed.

### I.   BACKGROUND

This is Plaintiff's second application for benefits. Plaintiff's initial application was denied on July 7, 2011 based on a finding that Plaintiff was not disabled, and Plaintiff did not seek review in a district court. (Tr. 114–16). Plaintiff then filed this application in July 2013 alleging the same onset date. (Tr. 211–24). After Plaintiff's second claim was denied, Plaintiff requested a hearing, where both Plaintiff and a vocational expert ("VE") testified. (Tr. 58–109, 122–40).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

At the hearing, Plaintiff moved to reopen the file in her initial claim, but the ALJ denied that request and concluded that the prior decision was a final adjudication. The ALJ considered and incorporated the prior adjudication into this case.[2] (Tr. 41). The ALJ then determined Plaintiff's insured status expired on December 31, 2012. Thus, to be eligible for benefits, Plaintiff must establish disability during the period between the prior decision and the end of Plaintiff's insured status: between July 7, 2011 and December 31, 2012. (Tr. 234); 42 U.S.C § 423(a), (c).

Following the hearing, the ALJ issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 41–53). Plaintiff's request for review was denied by the Appeals Council. (Tr. 22–24). The final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease, history of right hand carpal tunnel syndrome, obesity, depressive disorder, and anxiety-related disorder. (Tr. 44).

The ALJ found that Plaintiff had the residual functional capacity to perform sedentary work. (Tr. 47) The ALJ found that Plaintiff had the capacity to "lift, carry, push and/or pull ten (10) pounds occasionally," and "stand and walk for about two (2) hours and sit for up to six (6) hours in an 8-hour workday" while doing "no more than frequent handling with the dominant right hand." (Tr. 47). Finally, the ALJ concluded that Plaintiff can perform "simple, routine, and repetitive tasks," and engage in occasional interactions with coworkers and "merely superficial" interactions with the public. *Id.*

Based upon Plaintiff's RFC and the testimony of the VE, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as

---

[2] The 2011 decision is not included in the record filed with this Court, however. Neither party makes an issue of this fact.

document preparer, mail addresser, and cutter and paster. (Tr. 52). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 53).

## II.  STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact,

and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

**III.   DISCUSSION**

Plaintiff raises two issues on appeal: (1) the ALJ erred in determining her RFC, and (2) the ALJ erred in evaluating her subjective complaints.[3]

### A.   The ALJ properly determined Plaintiff's RFC.

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC by failing to account for her manipulative limitations and failing to develop the record related to those limitations. Plaintiff also argues the ALJ failed to take into account Plaintiff's inability to work on a regular and continuing basis.

A claimant's RFC is the most that a claimant can do despite physical and mental limitations resulting from impairments. 20 C.F.R. § 404.1545. In assessing the claimant's RFC, the ALJ will consider all relevant medical and other evidence in the case. *Phillips v. Barnhart*, 357 F. 3d 1232, 1238 (11th Cir. 2004). While the ALJ must consider all of the medical evidence, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted).

---

[3] It appears that Plaintiff may also be challenging the ALJ's step-two determination. Plaintiff states, in less than a full sentence, that Plaintiff's "psychiatric records show more severe impairments than the ALJ found." (Doc. 5 at 15). Even assuming that Plaintiff has properly raised this issue, Plaintiff cannot establish reversible error on this basis since the ALJ determined, at step two, that Plaintiff had at least one severe impairment and moved on to consider Plaintiff's functional limitations. (Tr. 44). *See Hearn v. Comm'r of Soc. Sec.*, 619 F. App'x 892, 895 (11th Cir. 2015) ("[T]he finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as "severe," is enough to satisfy step two.").

In the 2011 decision denying Plaintiff disability benefits, the ALJ determined that Plaintiff was limited to no more than frequent reaching, handling, and fingering with her right hand. (Tr. 48). In this order, the ALJ discussed the prior 2011 decision along with the treatment records from the period between the 2011 decision and the expiration of Plaintiff's insured status. The ALJ concluded that the evidence from this period showed Plaintiff had less substantial manipulative limitations than those identified in the prior decision. Specifically, the ALJ found that while Plaintiff was still limited to frequent handling with her right hand, she had no limitations as to fingering and reaching with that hand. (Tr. 47).

In support of his determination that Plaintiff had no greater limitations, the ALJ emphasized that Plaintiff had not received any follow-up treatment for carpal tunnel syndrome between 2011 and 2012. Notes from Plaintiff's physician during this period observed that Plaintiff's joints were normal. (Tr. 48–49, 371, 375). In addition, a January 2015 exam noted that Plaintiff was capable of a normal range of motion in all her joints. (Tr. 392).

The ALJ's order shows that the ALJ considered all of the evidence related to Plaintiff's manipulative limitations—most notably, the lack of follow-up treatment during the relevant period. (Tr. 47–49). Plaintiff does not point to any evidence that the ALJ failed to consider. Instead, Plaintiff contends that the ALJ had an obligation to further develop the record as to her manipulative limitations.

The ALJ is obliged to "develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); 20 C.F.R. § 416.912. Ultimately, however, the burden is on Plaintiff to establish her disability and to "produc[e] evidence in support of [her] claim." *Ellison*, 355 F.3d at 1276. Before the court will remand a case to further develop the record, the claimant must show prejudice—at a minimum, that the ALJ did not have all of the relevant evidence or did not consider

all of the relevant evidence. *Townsend v. Comm'r of Soc. Sec.* 555 Fed. Appx. 888, 891 (11th Cir. 2014). The court is "guided by whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Although Plaintiff claims that the record is insufficient as to her manipulative limitations, the transcript of the hearing shows that Plaintiff, who was represented by counsel, was asked about all of her limitations and described the swelling in her fingers and the difficulty it caused her. (Tr. 77–78). As discussed above, the ALJ considered Plaintiff's treatment records during the relevant period, which showed that Plaintiff had a full range of motion in her joints. (Tr. 48–49). Plaintiff has not identified any significant gaps in the records or missing evidence. Even assuming the ALJ had an obligation to ask Plaintiff specifically about her manipulative limitations, Plaintiff has not shown what additional evidence, if any, would have come into the record or how that evidence would have changed the ALJ's determination.

Finally, Plaintiff argues that the ALJ failed to properly apply Social Security Rule 96-8p, which requires that a claimant's RFC reflect the "individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." 61 Fed. Reg. 34474, 34475 (July 2, 1996). A "regular and continuing basis" mean eight hours a day, five days a week, or an equivalent schedule. *Id.* Plaintiff contends that limitations related to her fibromyalgia, degenerative disc disease, obesity, and carpal tunnel syndrome prevent her from working on a regular and sustained basis.

An ALJ complies with SSR 96-8p by considering all of the evidence, identifying the claimant's functional limitations on a "function-by-function basis," and then going on to express the claimant's RFC "in terms of the exertional levels of work." *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009). The ALJ is not required to "'specifically refer to every

piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole." *Id.*

In determining that Plaintiff was limited to performing sedentary work on a regular and continuing basis, the ALJ considered Plaintiff's limitations on a function-by-function basis. (Tr. 47–48). The ALJ found that Plaintiff "could stand and walk for about two (2) hours and sit for up to six (6) hours in an 8-hour workday." (Tr. 47). The ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 47).

Plaintiff does not point to any evidence establishing that she cannot work on a sustained basis. Instead she merely relies on her diagnoses and lists of symptoms and argues that: "Given all of these severe physical and mental impairments, and the many limitations that accompany them, Plaintiff is incapable of sustained work on a regular and continuing basis." (Doc. 5 at 18). However, "a diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient [to establish disability]; instead, the claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (internal quotation marks omitted). Plaintiff has not shown that the ALJ erred in determining that Plaintiff's various impairments did not prevent her from performing sedentary work on a sustained basis.

**B.  The ALJ did not err in evaluating Plaintiff's subjective complaints.**

Plaintiff argues that the ALJ improperly discounted her subjective complaints. She also claims that the ALJ selectively, and misleadingly, cited medical evidence indicating that her mental health had improved when it had not.

A claimant can establish disability through the claimant's own testimony as to the severity of her subjective complaints, including complaints of pain. *See Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013). The ALJ must consider subjective complaints if the ALJ finds evidence of an underlying medical condition and either (1) objective medical evidence "confirms the severity of the alleged pain or symptoms arising from the underlying medical condition, or [2] evidence that the objectively-determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or symptoms." *Id.* (citing *Foote*, 67 F.3d at 1560).

If the record shows that the claimant has an underlying medical condition that could cause the claimant's subjective complaints, the ALJ must then "evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work." *Id.* The ALJ should consider "all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors." *Id.* The ALJ may also consider the other factors established in 20 C.F.R. § 404.1529(c)(3). *Id.* at 832. If the ALJ decides not to credit the claimant's subjective complaints, the ALJ must either articulate adequate reasons for doing so or the record must be obvious as to this finding. *Id.*

In evaluating Plaintiff's subjective complaints, the ALJ determined that Plaintiff's "medically determinable impairments could be reasonably expected to cause the alleged symptoms." (Tr. 50). The ALJ partially credited Plaintiff's subjective complaints and included limitations in the RFC related to those subjective complaints, but the ALJ also found that Plaintiff's subjective complaints exaggerated the "intensity, persistence, and limiting effects of these symptoms." (Tr. 50). The ALJ based this finding on Plaintiff's reported daily activities, which included cleaning, walking for exercise, driving, frequent traveling, and helping her husband

operate a barbeque restaurant from 2010 to 2012, including ordering and running the cash register. (Tr. 48, 50, 71–72). The ALJ also considered the fact that Plaintiff's complaints of pain decreased with medication and that treatment Plaintiff received appeared to lessen her complaints at least somewhat. (Tr. 49, 337, 370).

As to Plaintiff's reports of anxiety and other mental health impairments, the ALJ limited Plaintiff to only occasional interactions with coworkers, merely superficial interactions with the general public, and simple, routine, repetitive work tasks. (Tr. 47). The ALJ pointed out, though, that notes from Plaintiff's psychiatrist stated that Plaintiff had made some progress, was able to laugh and joke, and self-reported that "overall things are more stable." (Tr. 50, 337, 343). While Plaintiff claimed to suffer from panic attacks, the ALJ observed that the treatment records include "little mention of frequent and severe panic attacks." (Tr. 50). Treatment notes record that Plaintiff's memory and judgment were intact, and she had reduced her anxiety medication without feeling any worse. (Tr. 50, 337). The ALJ found that Plaintiff's overall medical treatment had been sparse and did not indicate limitations as substantial as those reported by Plaintiff.

As to Plaintiff's argument that the ALJ erred in evaluating her subjective complaints related to her fibromyalgia, the ALJ identified Plaintiff's fibromyalgia as a severe impairment and properly followed SSR 12-2p, which sets out how the Commissioner evaluates fibromyalgia claims. (Tr. 44); 77 Fed. Reg. 43640 (July 25, 2012). The ALJ then went on to consider how Plaintiff's fibromyalgia limited her ability to work based on the "longitudinal record."[4] 77 Fed. Reg. at 43644; (Tr. 48–49). The ALJ noted that Plaintiff experienced fatigue and trigger point pain but that Plaintiff's medication helped to significantly reduce her pain. (Tr. 48–49, 337, 375).

---

[4] Plaintiff argues that the ALJ erred by considering her lessening symptoms over time and suggesting her condition was improving. Yet, the Commission's rules explain that "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of [fibromyalgia]." 77 Fed. Reg. at 43642.

Plaintiff argues that the ALJ did not understand the nature of fibromyalgia and it symptoms. The ALJ's role, however, is not to diagnose or act as a doctor but rather to determine Plaintiff's functional limitations. *Castle*, 557 F. App'x at 853. The ALJ considered all of the evidence in the record, consistently treated Plaintiff's fibromyalgia as a severe impairment, and evaluated the credibility factors under SSR 96-7p, including (as discussed above) Plaintiff's daily activities, improvement with medication, and conservative treatment plan. Plaintiff has not shown evidence of greater impairments than those provided for in the RFC.

Likewise, Plaintiff's argument that the ALJ selectively presented evidence discrediting her subjective complaints of anxiety is not supported by a review of the decision and the record. The ALJ determined that Plaintiff's subjective reports of panic attacks and inability to function in public were not entirely credible based on Plaintiff's treatment notes—which showed a conservative treatment plan, little history of panic attacks, and improvements over time—and Plaintiff's daily activities, including traveling around the country in an RV, which suggested Plaintiff had the ability to adapt to changing situations and function in stressful environments. (Tr. 50).

It is not this Court's role to determine whether some evidence might exist to support an alternative finding. Rather, the Court's review is limited to determining whether substantial evidence exists to support the ALJ's decision. *See Crawford v. Comm'r. of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) ( "Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence.").

## IV.   RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be affirmed under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on February 7, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties